THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RHYNES, Appellant
 Memorandum: We agree with Special Term that the showup of defendant was not impermissibly suggestive and that there was an independent basis for an in-court identification. Although police showups are disfavored as unduly suggestive *(see, People v Adams,* 53 NY2d 241), exigent circumstances may justify such showups in the interest of prompt identification *(see, People v Love,* 57 NY2d 1023, 1024; *People v Brnja,* 50 NY2d 366, 372). Defendant and his codefendants were stopped at 11:55 P.M., approximately three hours after the report of the assault. They were less than a mile from the scene. They were immediately taken to the hospital where the victims were being treated and the showup was conducted within 30 minutes after defendant's vehicle was stopped. The officers took the victims separately to view the defendant and did not allow them to converse with one another until after each had separately identified the defendants as their assailants. The officers testified that they decided to have a showup at the hospital rather than a lineup because of the lateness of the hour, the difficulty in locating 16 persons to participate in lineups with the four suspects, and the delay that would have been caused in waiting for the victims to become available for a lineup. Viewing the totality of the circumstances, we believe the showup was justified and defendant's motion properly denied *(see, People v Thomas,* 105 AD2d 1098).

We have reviewed defendant's other arguments and find them to be lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—assault, second degree.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.