■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MUNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 2, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered.

The court's alibi charge was improper. The court did not unequivocally charge that the People had the burden to disprove the alibi defense beyond a reasonable doubt *(see, People v Wintje,* 68 NY2d 637; *People v Victor,* 62 NY2d 374). The court erroneously charged that "the alibi evidence which defendant has placed before you seeks to convince you" and "if the alibi proof raises a reasonable doubt". Such phrases could be interpreted by the jury as shifting the burden of proof to the defendant *(see, People v Lee,* 110 AD2d 913; *cf., People v Wintje, supra).* Thus, viewing the charge in its entirety, we find that it was improper.

Although no objection was raised to the charge, we reach the issue because this is a " 'one witness identification case [where] the issue of the complainant's credibility vis-à-vis that of the defense witnesses assume[s] paramount importance' " *(People v Memminger,* 126 AD2d 752, *lv denied* 69 NY2d 953, quoting *People v Watson,* 111 AD2d 888; *see, People v McFadden,* 100 AD2d 520).

In light of our determination we do not reach the other issues raised by the defendant. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.