THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD STRIPLING, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of rape in the first degree, two counts of sodomy in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the fourth degree. On appeal, he contends that it was error for the court to admit a taped conversation between complainant and a police dispatcher during the course of the rape. The tape was properly admitted. When a rape victim makes prompt complaint about the incident, that fact may be testified to by the victim or by any witness who heard the complaint *(Baccio v People,* 41 NY 265). Such evidence is admissible because it is probative of the complainant's state of mind and credibility. That evidence, however, may not relate any of the particulars or details of the incident *(People v Riggio,* 144 AD2d 951, *lv denied* 73 NY2d 981; *People v Ranum,* 122 AD2d 959, 961). The conversation at issue here did not relate any of the details of the

incident. It merely disclosed the fact that defendant was in the house and was hurting the complainant but did not reveal his identity or otherwise describe his actions.

Defendant's claim that his sentence is excessive is without merit. (Appeal from judgment of Onondaga County Court, Burke, J.—rape, first degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.