■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUTTIE JACKSON, Appellant.—Judgment unanimously reversed on the law and new trial granted on count two of indictment; indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant was convicted of sexual abuse in the third degree (Penal Law § 130.55) as a lesser included offense of sexual abuse in the first degree (Penal Law § 130.65 [1]), and unlawful imprisonment in the second degree (Penal Law § 135.05) arising from an event involving a mildly retarded female resident of the Monroe Developmental Center (Center). At trial, defendant's sister testified that she saw defendant at the Monroe Developmental Center on the day of the alleged offense. She further testified that she saw defendant exit the Center and watched him drive away before the complainant reported the event.

Prior to the testimony of defendant's sister, the People objected because no notice of alibi (CPL 250.20) had been filed. Defendant responded that the testimony was not alibi proof and that no notice was necessary. The court characterized the testimony as a "reverse alibi", and directed defense counsel to serve a late notice of alibi. In its instructions to the jury, the court gave an alibi charge. The jury was instructed that "the testimony that has been placed before you seeks to convince you that the Defendant could not possibly have committed the acts charged"; "that if the alibi proof raises a reasonable doubt in your minds * * * [defendant] is entitled to have this evidence treated like any other"; and that "[h]e is not obliged to establish that it was impossible for him to commit the acts charged." Although there was no timely objection made to the charge and thus the issue is not preserved for review (see, CPL 470.05 [2]), we reach it because the charge improperly shifted the burden of proof to defendant (see, People v Ahmed, 66 NY2d 307; People v Patterson, 39 NY2d 288, affd 432 US 197). The language used by the court erroneously suggested to the jury that defendant has the burden of proving an alibi and unconstitutionally relieved the People of their burden of proving guilt beyond a reasonable doubt (People v Victor, 62 NY2d 374; People v Munson, 138 AD2d 530; People v Lee, 110 AD2d 913).

Since there may be a new trial, we note that the testimony of defendant's sister is not in the nature of alibi evidence (see, CPL 250.20) and thus the alibi charge should not have been given. We also note that, in the event of a new trial, the testimony of Sergeant Michael concerning complainant's re-

port of the incident should be confined to the fact that it was a prompt complaint. Where the complainant is a witness at trial, the fact that she made a timely complaint may be testified to by any witness who heard such complaint, but the testimony may not contain the details of the incident described by complainant (see, Baccio v People, 41 NY 265; People v Stripling, 162 AD2d 1029; Richardson, Evidence §§ 292, 519 [Prince 10th ed]).

Inasmuch as defendant was acquitted of sexual abuse in the first degree, that count of the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. (Appeal from judgment of Monroe County Court, Celli, J.—sexual abuse, third degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.