■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRISON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first degree. He maintains that the testimony by the emergency room physician about the victim's statements concerning the rape constituted improper bolstering. We agree. Such statements were irrelevant to diagnosis and treatment and impermissibly bolstered the victim's testimony (see, People v Tarver, 161 AD2d 1162; People v Harris, 132 AD2d 940, 941; People v Jackson, 124 AD2d 975, lv denied 69 NY2d 746). Also, the testimony by a police officer about the victim's statements at the police station in which she identified defendant as the man who raped her likewise constituted improper bolstering (see, Baccio v People, 41 NY 265; People v Jackson, 167 AD2d

893; *People v Stripling,* 162 AD2d 1029; *People v Riggio,* 144 AD2d 951, *lv denied* 73 NY2d 981). However, there was no objection to the receipt of either testimony and the error is unpreserved for appellate review (CPL 470.05 [2]). In any event, the error in admitting that testimony was harmless. The evidence against defendant was overwhelming and that testimony was merely cumulative of other properly admitted evidence *(see, People v Barnes,* 144 AD2d 995, *lv denied* 73 NY2d 889). In addition to the complainant, who previously knew the defendant and positively identified him, two other witnesses, who were with her immediately prior to the attack, also positively identified defendant. Although defendant testified and offered an alibi defense, the alibi defense was weak and the jury could properly reject it. We conclude that there is no significant probability that defendant would not have been convicted without the admission of the improper bolstering evidence *(see, People v Crimmins,* 36 NY2d 230).

Upon our review of the record, the evidence was legally sufficient to convict and the verdict was not against the weight of the evidence. The complainant's testimony was sufficient to satisfy the "forcible compulsion" element of rape in the first degree (Penal Law § 130.35 [1]; *see,* Penal Law § 130.00 [8]; *People v Thompson,* 72 NY2d 410, 415-416).

While the court's characterization in its charge of the complainant's statements to the doctor as "probably * * * the most accurate" was improper, the court promptly instructed the jury that that was up to them to determine. Furthermore, in view of the overwhelming evidence of guilt, that error was harmless.

We have reviewed defendant's other arguments that he was denied a fair trial and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Rape, 1st Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.