[—— NYS2d ——]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DANIEL L. MILLER, Appellant.

Fourth Department, December 29, 1993

## APPEARANCES OF COUNSEL

*Jeffrey Wicks,* Rochester, for appellant.

*R. Michael Tantillo,* Canandaigua *(Brian Dennis* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated and assault in the second degree. Defendant was not denied a fair trial by the failure of the Trial Judge to recuse himself on the ground that, several years earlier, the Trial Judge had served as District Attorney and he had prosecuted defendant on unrelated matters *(see, People v Rosato,* 193 AD2d 1052; *People v Jabaut,* 188 AD2d 1082, *lv denied* 81 NY2d 1015; *People v Alnutt,* 172 AD2d 1061, *lv denied* 78 NY2d 1073). The evidence adduced at trial is sufficient to support the conviction for assault in the second degree *(see, People v Bleakley,* 69 NY2d 490). Defendant was not deprived of the effective assistance of counsel as a result of defense counsel's failure to request a justification charge because there was no evidence presented to support such a charge.

Defendant argues that County Court's instructions to the jury on reasonable doubt lessened the People's burden of proof and require reversal. County Court instructed the jury that a reasonable doubt "is a doubt which leaves your mind in such a state of suspense that you are unable to say that you are convinced, to a moral certainty, of defendant's guilt". In *Cage v Louisiana* (498 US 39, 40), the Supreme Court found erroneous a charge that defined reasonable doubt as a doubt that " 'would give rise to a grave uncertainty' " and as an " 'actual substantial doubt' ", and also used the term

" 'moral certainty' " to describe the quantum of certainty necessary to find defendant guilty *(see also, Sullivan v Louisiana,* 508 US —, 113 S Ct 2078). Here, County Court used only the term "moral certainty" but did not use any of the other terms disapproved by the Supreme Court *(see, People v Brown,* 183 AD2d 569, *lv denied* 80 NY2d 901). In our view, a charge that employs only the "moral certainty" language but contains no other objectionable definitions does not constitute reversible error *(see, People v Zebrowski,* — AD2d —, 1993 NY Slip Op 8852 [3d Dept, Nov. 24, 1993]; *see also, People v Robinson,* 195 AD2d 611). Nonetheless, Trial Judges are advised to avoid using "moral certainty" language in their instructions except in circumstantial evidence cases where the words are appropriate *(see, People v Ford,* 66 NY2d 428, 441; *People v Sanchez,* 61 NY2d 1022, 1024). Trial Judges are further advised to adhere to the charge set forth in 1 CJI(NY) 6.20 in order to help curb the recurring problems that arise in instructing a jury on reasonable doubt.

To the extent that our holding here is inconsistent with our prior holding in *People v Melito* (195 AD2d 1014), we disavow our prior holding.

We decline to modify defendant's sentence in the interest of justice. We have examined the remaining issues raised by defendant, through counsel and in his supplemental *pro se* brief, and find them to be lacking in merit.

Accordingly, the judgment should be affirmed.

DENMAN, P. J., PINE, LAWTON, DOERR and BOEHM, JJ., concur.

Judgment unanimously affirmed.