■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY E. CARR, Appellant. [617 NYS2d 695] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of murder in the second degree and one count of arson in the third degree, based on his having brutally murdered his wife and two stepchildren in their house and then setting fire to the house. Defendant argues that the murder convictions should be reduced to manslaughter because he established the defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). We disagree. The jury was entitled to conclude that the excuse offered for defendant's emotional state "was so unreasonable under the circumstances that it did not warrant mitigation" *(People v Ludwigsen,* 159 AD2d 591, 592, *lv denied* 76 NY2d 738; *see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842). (Appeal from Judgment of Jefferson County Court, Clary, J.—Murder, 2nd Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL YOUNG, JR., Appellant. [617 NYS2d 254] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On this appeal from a judgment convicting defendant of criminal mischief in the third degree, he contends that the trial court erred in denying his request to charge criminal mischief in the fourth degree (Penal Law § 145.00 [3] [recklessly damaging the property of another]) as a lesser included offense. We agree.

Defendant's girlfriend, who owned the vehicle that was damaged, testified that defendant drank two 40-ounce containers of beer and, with his cousin, drank a pint of gin in the two-hour period before she and defendant went to a party. While at the party, defendant drank beer, an alcoholic punch, and brandy. Other prosecution witnesses testified that defendant drank alcoholic beverages while at the party. Two prosecution witnesses opined that defendant was intoxicated while at the party. A reasonable view of that evidence, when considered in the light most favorable to defendant *(see, People v Martin,* 59 NY2d 704), would support a finding that defendant acted recklessly *(see,* Penal Law § 15.05 [3]), rather than intentionally, in damaging his girlfriend's car as he left the party. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Mischief, 3rd Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.