■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN RUMLIN, Appellant. [619 NYS2d 476] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court should have permitted him to withdraw his guilty plea before imposing a sentence greater than the negotiated sentence. The record establishes that, at the time defendant entered his guilty plea, the court advised defendant that, if he failed to appear on the date scheduled for sentencing, the court would not be bound by its sentencing promise and would consider imposing a harsher sentence up to the maximum permissible sentence. Because defendant failed to appear on the scheduled date, the court was no longer bound by its promise and was free to impose an enhanced sentence (see, People v Gwynn, 201 AD2d 501, lv denied 83 NY2d 911; People v Gamble, 111 AD2d 869, 870). Further, the sentence is neither unduly harsh nor excessive. We have reviewed the remaining issues that are raised in defendant's supplemental pro se brief, and we conclude that they are lacking in merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. KILLIAN, JR., Appellant. [619 NYS2d 1008] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. WEBSTER, Appellant. [619 NYS2d 1008] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019; People v Mercedes, 171 AD2d 1044, lv denied 77 NY2d 998). (Appeal from Judgment of Erie County Court, Rogowski, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.