■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS SMYTHE, Appellant. [620 NYS2d 677] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion to suppress defendant's showup identification. Although the identification took place 1½ hours after the crime occurred and was not at the scene of the crime, defendant was not handcuffed or seated in a police car (cf., People v Walker, 198 AD2d 826, appeal withdrawn 83 NY2d 877). In fact, defendant's presence at the scene was not anticipated by either the police or the identifying witness. The police were transporting the witness to defendant's neighborhood so that she could identify the car used in the robbery. While they

were en route, defendant entered that car and drove it a short distance until stopped by police. When the witness identified defendant and the car, defendant was standing at the curbside, away from the car. Viewing the totality of the circumstances, we conclude that the identification of defendant was "within the permissible boundaries of the governing legal principles" *(People v Duuvon,* 77 NY2d 541, 544; *see also, People v Rhynes,* 124 AD2d 1038, *lv denied* 69 NY2d 716).

Defendant did not object to the testimony of police officers that bolstered the witness's identification of defendant. Therefore, the issue has not been preserved for our review *(see,* CPL 470.05 [2]; *People v West,* 56 NY2d 662), and we decline to review it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The court's alibi charge did not shift the burden of proof to defendant *(see, People v Jackson,* 167 AD2d 893). While the challenged portion of the court's alibi charge, to which there was no objection, was similar to that found improper in *Jackson,* it was immediately followed by five warnings that the People had the entire burden of disproving the alibi beyond a reasonable doubt. Thus, the charge, as a whole, was proper *(see, People v Victor,* 62 NY2d 374, 378).

We have reviewed the remaining contentions of defendant and conclude that each is lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Robbery, 1st Degree.) Present—Balio, J. P., Lawton, Fallon, Wesley and Doerr, JJ.