■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEMARIE WALSH, Appellant. [622 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 18, 1991, convicting her of burglary in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

Once again, Justice Browne's alibi charge was improper. Justice Browne did not clearly convey to the jury that the People bear the burden of disproving an alibi defense beyond

a reasonable doubt *(see, People v King,* 200 AD2d 765; *People v Munson,* 138 AD2d 530; *People v English,* 126 AD2d 738; *People v La Rosa,* 112 AD2d 954). Justice Browne again erroneously charged the jury that the alibi evidence "which the defendant placed before you, seeks to convince you that the [defendant was] elsewhere at the time, and therefore, could not have possibly committed the [acts charged]", and again used the phrase "if the alibi raises a reasonable doubt" *(see, People v Munson,* 138 AD2d, at 530, *supra).* These phrases improperly shifted the burden of proof to the defendant and the defendant was deprived of her right to a fair trial.

Although the defendant did not object to the alibi charge, we have reached this issue in the exercise of our interest of justice jurisdiction *(see, People v Munson, supra).*

In light of this determination, the other issues raised by the defendant need not be reached. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.