■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. MOORE, Appellant. [629 NYS2d 342] —Judgment unanimously reversed on the law, new trial granted on count five of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant was charged in an indictment with three counts of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]; § 125.25

[2] [depraved indifference murder]; § 125.25 [4] [depraved indifference murder of a child less than 11 years old]), making a punishable false written statement (Penal Law § 210.45) and endangering the welfare of a child (Penal Law § 260.10 [1]). The jury found defendant not guilty of the murder charges, but convicted him of the lesser included offense of manslaughter in the second degree as well as endangering the welfare of a child. The verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The People proved the cause of death of the child beyond a reasonable doubt.

We agree with the contention of defendant that he was deprived of his due process rights when County Court instructed the jury that "a reasonable doubt must be a substantial doubt" *(see, Cage v Louisiana,* 498 US 39, 40). The court's instruction on reasonable doubt could have been interpreted by a reasonable juror to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause *(see, Cage v Louisiana, supra,* at 41; *see also, People v Miller,* 194 AD2d 230).

Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the second degree under the murder counts of the indictment, all counts of the indictment except the endangering the welfare of a child count must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Grant,* 197 AD2d 910, *lv denied* 82 NY2d 895; *People v Sneed,* 193 AD2d 1139).

In view of our determination, we need not address the remaining contentions raised on appeal. (Appeal from Judgment of Jefferson County Court, Clary, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.