■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERVERN PARKER, Appellant. [635 NYS2d 855] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that his guilty plea was not intelligently, knowingly and voluntarily entered *(see, People v Fiumefreddo,* 82 NY2d 536, 543).

There is likewise no merit to the contention of defendant that County Court abused its discretion in denying his motion to withdraw his guilty plea. The record establishes that defendant was given a reasonable opportunity to advance his claims, and the court did not err in denying the motion without fur-

ther inquiry *(see, People v Tinsley,* 35 NY2d 926, 927; *People v Rodriguez,* 150 AD2d 812, 813, *lv denied* 74 NY2d 818).

There is also no merit to the contention of defendant that the court should have permitted him to withdraw his guilty plea before imposing a sentence greater than the negotiated sentence. The record establishes that, at the time defendant entered his guilty plea, the court advised him that, if he got into any kind of trouble prior to sentencing, the court would not be bound by its sentencing promise and would consider imposing a harsher sentence up to the maximum permissible sentence. Because defendant failed to appear on the scheduled date for sentencing and was arrested on new criminal charges, the court was no longer bound by its promise and was free to impose an enhanced sentence *(see, People v Flowers,* 221 AD2d 1016; *People v Rumlin,* 209 AD2d 1051, *lv denied* 85 NY2d 866; *People v Gwynn,* 201 AD2d 501, *lv denied* 83 NY2d 911). Furthermore, the sentence imposed is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Elliott, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.