■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. BRANCH, Appellant. [637 NYS2d 892] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court's charge to the jury that "a reasonable doubt must be a substantial doubt" is erroneous and denied defendant due process of law (see, People v Moore, 216 AD2d 902, rearg denied 221 AD2d 1029). Because there must be a retrial, we reach defendant's alternative arguments. We agree with defendant that the court erred in denying defendant's request that it charge that the People bore the burden of disproving the alibi defense beyond a reasonable doubt (see, People v Victor, 62 NY2d 374, 377-378) and further erred in charging that, "if the alibi testimony presented creates a reasonable doubt in your mind as to whether defendant is the person who committed the crimes alleged, you must find him not guilty" (see, People v Victor, supra, at 378; People v Jackson, 167 AD2d 893; People v Munson, 138 AD2d 530; People v Lee, 110 AD2d 913, 914). That language can be interpreted as shifting the burden to defendant to prove that he did not commit the crime, and we conclude that the charge as a whole failed to convey the proper standard to the jury (cf., People v Smythe, 210 AD2d 949, 950, lv denied 85 NY2d 943).

Finally, we conclude that the court did not err in permitting defendant's wife to testify to statements defendant made to her prior to the crimes. The statements conveyed threats and were not prompted by the affection, confidence and loyalty engendered by the marital relationship (see, People v Edwards, 151 AD2d 987, lv denied 74 NY2d 808). (Appeal from Judgment of Jefferson County Court, Clary, J.—Arson, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.