■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAYMON HERRING, Appellant. [639 NYS2d 604] ■ Memorandum: Defendant appeals from a judgment of conviction arising out of the shooting death of

his estranged paramour. We reject his contention that County Court abused its discretion in denying his request, made on the eve of trial, for an adjournment for neurological testing to support his mental incapacity defenses (*see, People v Farmer*, 198 AD2d 805, 807, *lv denied* 83 NY2d 804; *People v Mims*, 156 AD2d 958, 959, *lv denied* 75 NY2d 968). The court had previously granted adjournments for that purpose. Furthermore, defendant has not shown any prejudice resulting from the denial of his motion (*see, People v Mims, supra*, at 959).

Defendant also contends that the court erred in precluding testimony concerning his mental state prior to the shooting; defendant offered that testimony to support his defense of extreme emotional disturbance. Because that testimony was cumulative, any error in precluding portions of it was harmless (*see, People v Bruner*, 222 AD2d 738; *People v Eldridge*, 221 AD2d 966). In view of the conflicting expert testimony regarding the mental state of defendant at the time of the shooting, the jury's rejection of his defense of extreme emotional disturbance is not against the weight of the evidence (*see, People v Drake*, 216 AD2d 873; *People v Carr*, 207 AD2d 1011, *lv denied* 84 NY2d 1010). The court's refusal to charge the jury on the defense of justification was proper because there is no reasonable view of the evidence to support that defense (*see, People v Reynoso*, 73 NY2d 816, 818; *People v Thompson*, 224 AD2d 950).

We further reject defendant's contention that the court's charge on reasonable doubt impermissibly lowered the People's burden of proof (*cf., People v Branch*, 224 AD2d 926; *People v Moore* 216 AD2d 902). In defining reasonable doubt, the court stated: "It's not an imaginary or unsubstantial doubt, it is a doubt based on a reason." Here, the court used the problematic phrase "substantial doubt" in the negative and as a contrast to "imaginary", and thus it permissibly "inform[ed] the jury only that a reasonable doubt is something more than a speculative one" (*Victor v Nebraska*, 511 US 1, 20, *reh denied sub nom. Sandoval v California*, 511 US 1101).

Finally, we reject the contention that comments by the prosecutor on summation deprived defendant of a fair trial (*see, People v Galloway*, 54 NY2d 396, 401; *People v Mott*, 94 AD2d 415, 418-419). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.