■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS GONZALES, Appellant. [647 NYS2d 900] —Judgment unanimously affirmed. Memorandum: County Court did not

abuse its discretion in denying defendant's motion to withdraw the guilty plea. The record establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered. Defendant's belated and unsubstantiated assertion that the plea was the result of defendant's failure to take prescribed medication is insufficient to support the motion (see, People v McNair [appeal No. 1], 186 AD2d 1089, lv denied 80 NY2d 1028; People v Barnett, 136 AD2d 555, lv denied 71 NY2d 966; cf., People v De Wolf, 155 AD2d 995, lv denied 75 NY2d 812). Nor did the court abuse its discretion in denying defense counsel's request for an adjournment. Defendant had ample opportunity prior to sentencing to obtain psychiatric records to support his motion to withdraw the plea (see, People v Grant, 226 AD2d 1092; People v Herring, 225 AD2d 1065, lv denied 88 NY2d 937). The court advised defendant that, if he failed to appear on the date scheduled for sentencing, it would not be bound by its sentencing commitment and would impose the maximum permissible sentence. Because defendant did not appear on the scheduled date and offered no reasonable excuse for his failure to appear, the court was no longer bound by its promise and was free to impose an enhanced sentence (see, People v Evans, 191 AD2d 454, 455; see also, People v Rumlin, 209 AD2d 1051, lv denied 85 NY2d 866). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.