■ The People of the State of New York, Respondent, v Peter R. Fish, Appellant. [652 NYS2d 179] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed and new trial granted on counts 1 through 5, 11 and 12 of indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of sodomy in the first degree, five counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. Defendant contends that County Court's instruction to the jury that "a reasonable doubt must be a substantial doubt" is erroneous and denied him due process of law. In *People v Moore* (216 AD2d 902, *lv denied* 87 NY2d 905) and *People v Branch* (224 AD2d 926, *lv denied* 87 NY2d 1017), this Court agreed with that contention, reversed the conviction and

granted a new trial in reliance on *Cage v Louisiana* (498 US 39, 40). Subsequent to those rulings, this Court reviewed a similar charge by that court in light of *Victor v Nebraska* (511 US 1; *see, People v Paris*, 229 AD2d 926). In *Paris*, this Court disavowed the holdings in *Moore* and *Branch* concerning that charge. Thus, this Court is bound by the decision in *Paris* and therefore holds that the instructions on reasonable doubt, when viewed as a whole, do not violate defendant's due process rights.

We conclude, however, that the court's alibi instructions impermissibly shifted the burden of proof by suggesting that defendant must prove his alibi in order to establish reasonable doubt. An alibi defense is not an affirmative defense; a defendant has no burden to prove an alibi, and any charge that suggests that he has such a burden unconstitutionally relieves the People of proving guilt beyond a reasonable doubt (*People v Victor*, 62 NY2d 374, 377). Alibi defenses were submitted on counts 1 through 5, 11 and 12, based upon the Christmas and Thanksgiving 1992 incidents with Annabelle. Therefore, defendant's conviction on those counts of the indictment must be reversed.

Reversal of defendant's conviction on the remaining counts of the indictment is not required because defendant presented no alibi evidence with respect to either the spring or summer of 1992 incident involving Annabelle or the Thanksgiving 1991 incident involving Jason. Moreover, the testimony of Annabelle regarding what happened in the spring or summer of 1992 is corroborated by the testimony of her brother. Thus, the error in the alibi charge, if any, is harmless with respect to those counts because the evidence of guilt is overwhelming, and there is no reasonable possibility that the jury would have reached a contrary verdict (*see, People v Crimmins*, 36 NY2d 230, 237).

The judgment is modified by reversing defendant's conviction on counts 1 through 5, 11 and 12 of the indictment, stemming from the Christmas and Thanksgiving 1992 incidents involving Annabelle, and vacating the sentences imposed thereon and a new trial is granted on those counts. We affirm defendant's conviction on counts 13, 14 and 16 of the indictment. (Appeal from Judgment of Jefferson County Court, Clary, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.