■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BODFORD, Appellant. [661 NYS2d 158] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: We reject the contention of defendant that County Court's reasonable doubt instruction deprived him of due process and a fair trial.

Because there is no evidence from which the jury could conclude that defendant reasonably believed that the victim was about to use deadly physical force, the court properly refused defendant's request to charge the defense of justification (*see, People v Watts*, 57 NY2d 299, 301-302).

Upon our review of the record, we conclude that the conviction of assault in the second degree (Penal Law § 120.05 [4]) is not based on legally sufficient evidence. One of the victims sustained a physical injury when defendant shot him in the foot (*see,* Penal Law § 10.00 [9]). The People, however, failed to establish that the injury created a substantial risk of death or that it caused serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ (*see,* Penal Law § 10.00 [10]; § 120.05 [4]). Consequently, we modify the judgment as a matter of discretion in the interest of justice by reducing the

conviction of assault in the second degree to assault in the third degree (Penal Law § 120.00 [2]), a class A misdemeanor, vacating the sentence imposed thereon and sentencing defendant to a term of incarceration of one year for assault in the third degree (*see,* Penal Law § 70.15 [1]; *People v Snipes,* 112 AD2d 810, 812). (Appeal from Judgment of Jefferson County Court, Clary, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.