■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROMANELLI, Appellant. [659 NYS2d 615] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25), defendant contends that County Court's instruction to the jury that a "reasonable doubt" has "been said to be a doubt that's conformable with sound sense and good judgment" impermissibly reduced the People's burden of proof and deprived defendant of a fair trial. We conclude that there is no merit to defendant's contention. The instruction on reasonable doubt, when viewed as a whole, does not require reversal (*see, People v Fish,* 234 AD2d 890; *People v Paris,* 229 AD2d 926, *lv denied* 88 NY2d 1070). Nevertheless, we advise Trial Judges to

adhere to the reasonable doubt charge set forth in 1 CJI(NY) 6.20 in order to prevent problems that arise in instructing juries on reasonable doubt (*see, People v Paris, supra; People v Miller,* 194 AD2d 230, *lv denied* 83 NY2d 913).

Defendant also contends that misconduct by the prosecutor during his summation deprived defendant of a fair trial. Because defendant failed to object to any of the alleged instances of misconduct, he has failed to preserve the issue for our review (*see,* CPL 470.05 [2]; *People v Bell,* 234 AD2d 915; *People v Pringle,* 226 AD2d 1072, 1073, *lv denied* 88 NY2d 940). In any event, defendant's contention is without merit. The prosecutor's comments were in response to defense counsel's summation and were not so egregious that defendant was deprived of his right to a fair trial (*see, People v Galloway,* 54 NY2d 396, 401; *People v Robinson,* 234 AD2d 1009).

There is no merit to the contention of defendant raised in his *pro se* supplemental brief that he was denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Monroe County Court, Connell, J.— Burglary, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.