■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CHRYSLER, Appellant. [661 NYS2d 391] —Judgment unanimously affirmed. Memorandum: Pursuant to the direction of this Court (*People v Chrysler*, 233 AD2d 928), defendant was assigned new counsel and County Court heard oral argument on the motion of defendant to withdraw his guilty plea. The record of that proceeding establishes that defendant was given a reasonable opportunity to advance his contentions, and we conclude that the court did not abuse its discretion in denying the motion (*see, People v Tinsley*, 35 NY2d 926, 927; *People v Parker*, 222 AD2d 1104, *lv denied* 87 NY2d 1023).

There is no merit to the contention that, during his plea allocution, defendant raised the possibility of an intoxication defense and that the court therefore erred in accepting his guilty plea without making further inquiry (*cf., People v Lopez*, 71 NY2d 662, 666-668). (Resubmission of Appeal from Judgment of Erie County Court, Rogowski, J.—Grand Larceny, 3rd Degree.) Present—Green, J. P., Pine, Callahan and Doerr, JJ.

■ In the Matter of ELIJAH NANCE, Appellant, v R. GIL KERLIKOWSKE, as Commissioner of City of Buffalo Police Department, Respondent. [661 NYS2d 390] —Appeal unanimously dismissed without costs. Memorandum: Petitioner appeals from a judgment that dismissed his petition seeking to review the determination denying his request for information under the Freedom of Information Law (Public Officers Law art 6). Because respondent has now provided petitioner with that information, the matter is moot (*see, Matter of Newton v Police Dept.*, 183 AD2d 621, 624). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [661 NYS2d 392] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree. The jury properly weighed the relative probative force of the conflicting testimony, and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We further conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.