**Michael A. LARRABEE, Petitioner,**

v.

**Carl SMITH, Respondent.**

**No. 96–CV–2033.**

United States District Court, N.D. New York.

July 10, 1998.

---

Michael A. Larrabee, Gouverneur, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York, Department of Law, Albany, NY (Darren O'Conner, Assist. Atty. General, of counsel), for Respondent.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

By his petition and supporting Memorandum of Law filed on December 30, 1996, petitioner Michael Larrabee, who is presently incarcerated in the Gouverneur Correctional Facility in Gouverneur, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On behalf of respondent, the Attorney General of the State of New York filed a Memorandum of Law in opposition to petitioner's application on May 22, 1997.

Petitioner complains of a judgement of conviction rendered against him on March 31, 1992, in the Jefferson County Court of New York. The jury found him guilty of attempted murder in the second degree, robbery in the second degree (two counts), assault in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, and conspiracy in the second degree.[1] Petitioner was sentenced as a second felony offender to concurrent indeterminate terms of imprisonment, the longest of which was ten to twenty years. The Appellate Division, Fourth Department affirmed the conviction on February 4, 1994, *People v. Larrabee*, 201 A.D.2d 924, 607 N.Y.S.2d 769 (4th Dep't 1994), and the New York Court of Appeals denied leave to appeal on March 24, 1994, *People v. Larrabee*, 83 N.Y.2d 855, 612 N.Y.S.2d 386, 634 N.E.2d 987 (1994).

Petitioner then applied to the Appellate Division, Fourth Department for a writ of error *coram nobis*, which was denied on May 31, 1996. *People v. Larrabee*, 227 A.D.2d 1006, 643 N.Y.S.2d 445 (4th Dep't 1996). His

application for reconsideration of that decision was denied on September 27, 1996. *People v. Larrabee*, 647 N.Y.S.2d 653, 1996 WL 559629 (4th Dep't 1996).

Now before this Court is petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner raises two claims for the Court's review. First, he alleges that he was denied the effective assistance of appellate counsel when his appellate attorney failed "to raise for appellate review" certain portions of the trial court's instructions.[2] Second, he alleges that the Appellate Division denied his right to a fair and adequate appellate review by denying his *coram nobis* application when the Appellate Division purportedly granted "relief to some people ... based on the same set of facts and issues" raised on appeal by petition.[3] For the reasons that follow, the petition is denied in all respects.

## I. BACKGROUND

Petitioner's conviction stemmed from an incident that occurred during the evening of August 25, 1991 in Watertown, New York. On that evening, petitioner and Shawn Trainham accosted Kenneth Baker outside the Hitchin' Post Tavern. Tr. at 52–54.[4] They forced Baker across the street, shoved him into some bushes, punched him, and wrestled him to the ground. Tr. at 52–54. While petitioner held Baker down, Trainham went through his pockets. Tr. at 54–55. Trainham found no money in Baker's wallet, but took $90 from his pants pocket. Tr. at 55–56.

Petitioner and Trainham then became concerned that Baker would report the incident to the police, and thus decided to kill him. Tr. at 56–58. They dragged Baker two-tenths of a mile to the Court Street Bridge and forced him over the railing. Tr. at 60–69. Baker, who could not swim well, fell 40 feet into the Black River. Tr. at 69–70; 220–21. Baker survived the fall and dog-paddled

---

1. The petit larceny and criminal possession of stolen property charges were dismissed prior to sentencing. (Motions and Sentence Transcript ("S") at 7–8.)

2. *See* Petition at 4.

3. *See* Petition at 4.

4. Citations to the trial transcript will be designated as "Tr. at ___."

toward the shore where he grabbed a tree branch and pulled himself out of the river. Tr. at 70–72. After waiting 10–15 minutes to avoid petitioner and Trainham, he eventually ran to the Jefferson County Sheriff's Department and reported the incident.

Baker was then taken to the Good Samaritan Hospital for treatment. Tr. at 72–76; 206. Baker was wet from head to toe and was shaking uncontrollably. Tr. 205–06; 257. He also had numerous fresh facial abrasions, a sore right wrist, bruises on his ribcage, an injury to his right elbow, and numerous scrapes on his upper left leg. Tr. at 198–99; 205–06; 237; 257; 261; 282–83.

During the investigation, the police found Baker's wallet and other belongings in some bushes near the tavern. Tr. at 77–78; 207–10; 225–26. They also interviewed Trainham's girlfriend, Kim Plante, who gave a statement implicating petitioner and Trainham in the crime. Tr. at 300–05. A jury found petitioner guilty of all charges, and he was sentenced to ten to twenty years imprisonment.

## II. DISCUSSION

### A. Standard of Review

When entertaining an application for a writ of habeas corpus contesting a state court judgement, any factual determination by the state court shall be presumed to be correct unless it is "not fairly supported by the record." 28 U.S.C. § 2254(d). After reviewing the case under this standard, Hon. Gustave J. DiBianco, United States Magistrate Judge, issued a Report–Recommendation recommending that the petition be denied and dismissed. Because objections have been filed, this recommendation is subject to *de novo* review by this Court, which may accept, reject, or modify it, in whole or in part. *See* 28 U.S.C. § 636(b)(1).

### B. Assistance of Appellate Counsel

■ In his first claim for relief, petitioner claims that he was denied effective assistance of appellate counsel. He alleges that counsel failed to raise a meritorious claim to the trial court's reasonable doubt instruction.

To prevail on an ineffective assistance of counsel claim, petitioner must first demonstrate that counsel's representation fell below an objective standard of reasonableness, which requires a showing that counsel made errors so serious, that "counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, petitioner must demonstrate that the deficient performance prejudiced the defense in such a way that the result of the proceeding would have been different. *Id.; Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir.1992), *cert denied*, 508 U.S. 912, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993).

Here, petitioner complains that appellate counsel failed to challenge on appeal the propriety of the trial court's reasonable doubt instruction. Specifically, petitioner asserts that the trial court's use of the words "actual doubt" and "substantial doubt" impermissibly shifted the burden of proof, thus violating his constitutional right to due process and a fair trial. Petitioner states that appellate counsel should have been aware of "the numerous rulings" from the Appellate Division, Fourth Department on this issue, as well as U.S. Supreme Court precedent.[5] Petitioner further argues that, if appellate counsel had presented this issue on direct appeal, his conviction probably would have been reversed.

■ With respect to the first prong of the *Strickland* test, the Court finds that appellate counsel's failure to object to the reasonable doubt instruction did not fall below an objective standard of reasonableness. To satisfy the first prong, petitioner must demonstrate that the failure to raise the claim fell "outside the wide range of professionally competent assistance." *Claudio*, 982 F.2d at 805 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). It is not enough for petitioner to simply show that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance all possible nonfrivolous arguments. *See Jones v. Barnes*, 463 U.S.

---

**5.** *See* Petitioner's Memorandum of Law at 5.

745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Petitioner, however, may establish constitutionally inadequate performance by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). In assessing the reasonableness of the arguments posed on appeal verses other possible nonfrivolous arguments, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. *See id.* Generally, only when ignored issues "are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)). Furthermore, when evaluating the attorney's performance, the reviewing court must judge the conduct on the basis of the facts specific to the particular case, " 'viewed as of the time of the counsel's conduct.' " *Mayo,* 13 F.3d at 533 (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). Counsel may not use hindsight to second-guess his strategy choices, nor is he required to forecast changes in the governing law. *See Mayo,* 13 F.3d at 533 (citing *Lockhart v. Fretwell,* 506 U.S. 364, 371, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Horne v. Trickey,* 895 F.2d 497, 500 (8th Cir.1990)). In *Horne,* ineffectiveness was not established by a claim that "counsel should have realized that the Supreme Court was planning a significant change in the existing law, and that the failure to anticipate this change rises to the level of constitutional ineffectiveness." 895 F.2d at 500.

In the present case, appellant counsel's decision not to raise on appeal the propriety of the trial court's reasonable doubt instruction was reasonable. First, there is no evidence to suggest that counsel's omission of the jury instruction objection constituted a "significant and obvious" issue, while the pursued issues on appeal were "clearly and sig-

nificantly weaker." [6] *Mayo,* 13 F.3d at 533. Upon examining the seven grounds filed by petitioner's counsel for review in conjunction with the trial court record, no clear basis exists for asserting that counsel was unreasonable in choosing the pursued grounds, rather than the jury instruction objection. While petitioner is correct that "numerous rulings" exist from the Appellate Division, Fourth Department regarding the jury instruction issue, those dealing with an instruction equating reasonable doubt with a "substantial doubt" were decided well after the Appellate Division, Fourth Department affirmed the conviction of petitioner on February 4, 1994. *See People v. Branch,* 224 A.D.2d 926, 637 N.Y.S.2d 892 (4th Dep't 1996); *People v. Moore,* 216 A.D.2d 902, 629 N.Y.S.2d 342 (4th Dep't 1995). According to *Strickland,* when viewed at the time of the appeal, counsel did not act unreasonably by failing to address the issue of the jury instruction on appeal. *Strickland,* 466 U.S. 668 at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Additionally, counsel's failure to address the jury instruction issue was reasonable given that the trial counsel did not object to the instruction when it was given. Petitioner was precluded from litigating the jury instruction objection because of the contemporaneous objection requirement. *See Gray v. Babbie,* No. 94–CV–5123, 1998 WL 178824 (E.D.N.Y. Feb. 20, 1998) (citing N.Y.Crim. Proc.Law. § 470.05(2) (McKinney 1994)).

In short, because appellant counsel's representation did not fall below an objective standard of reasonableness, petitioner's claim is without merit.

Even assuming, *arguendo,* that petitioner has satisfied the first prong of the *Strickland* test, his claim must still fail because he cannot establish any prejudice under the second prong of *Strickland.* To establish prejudice in the appellate context, petitioner must demonstrate that "there was a 'reasonable probability' that [his] claim

---

6.  Petitioner raised seven arguments on appeal to the Appellate Division, Fourth Department. He claimed that: 1) the trial court violated N.Y.Crim. Proc.Law § 310.30; 2) the trial court improperly allowed an alternate juror to remain seated; 3) the trial court improperly allowed a sworn juror to remain seated; 4) the trial judge should have recused himself; 5) the verdict was against the weight of the evidence; 6) the *Sandoval* ruling was improper; and 7) the trial court improperly allowed Kimberly Trainham to use her statement to refresh her memory.

would have been successful before the [state's highest court]." *See Mayo,* 13 F.3d at 534 (quoting *Claudio,* 982 F.2d at 803). At the time of petitioner's appeal, the New York Court of Appeals, the State's highest court, had long held that "[a]n instruction defining reasonable doubt as doubt for which there is substantial reason is not reversible error, when given in connection with other instructions intended to impress upon the jury the distinction between reasonable doubt and a vague or imaginary doubt." *People v. Jones,* 27 N.Y.2d 222, 316 N.Y.S.2d 617, 619, 265 N.E.2d 446 (1970). The trial court's instruction in the present case concerning reasonable doubt was as follows:

> A reasonable doubt has been defined as an actual doubt of which you, the juror, are conscious of after going over in your mind the entire case, giving consideration to all of the testimony and evidence presented. If after reviewing all of that testimony and evidence you still feel uncertain and not fully convinced that the Defendant is guilty and you believe you are acting as a reasonable person should act in a manner of this importance, then that is a reasonable doubt, and the Defendant is entitled to the benefit of that reasonable doubt. . . .
>
> [T]he principle of reasonable doubt does not mean that the guilt of the Defendant must be shown beyond all possible doubt or to a mathematical certainty; because that would be practically impossible. Mere conjecture, whim, or surmise as to the possibilities of doubt also do not constitute reasonable doubt. . . .
>
> A doubt of guilt is not reasonable if it is based merely on sympathy for the Defendant or from a mere desire by a juror to avoid a disagreeable duty. On the contrary, it must be a substantial doubt, one arising from the evidence and its character or from a lack of satisfactory evidence in a case. A reasonable doubt is an honest doubt honestly entertained by you, the juror.

Tr. at 406–07.

These instructions were clearly intended to impress upon the jury the distinction between reasonable doubt and a vague or imaginary doubt. Thus, petitioner has not demonstrated that the conviction would have been reversed.

■ As *Mayo* instructs, the outcome determination, unlike the performance determination, may be made with the benefit of hindsight—or current case law—in evaluating whether the outcome of the proceeding would have been different. 13 F.3d at 534 (citing *Fretwell,* 506 U.S. 364 at 371, 113 S.Ct. 838, 122 L.Ed.2d 180). Petitioner argues that *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) applies in the instant case. In that case, the Supreme Court held invalid a reasonable doubt instruction containing not only the term "substantial doubt," but also equating the term reasonable doubt with a "grave uncertainty" and "moral certainty." *Id.* 498 U.S. at 40, 111 S.Ct. 328.

However, subsequent to *Cage,* the Supreme Court decided *Victor v. Nebraska,* 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). *Victor* held that when the term "substantial doubt" is used to distinguish a reasonable doubt from a doubt arising "from a mere possibility, from bare imagination, or from fanciful conjecture" it does not imply a greater standard of doubt needed for acquittal. 511 U.S. at 20, 114 S.Ct. 1239. Although formulated slightly different, the language referring to "substantial doubt" in the instant case is used in the same context as *Victor,* and is thus constitutionally valid. Thus, under the *Victor* framework, petitioner's conviction would have been affirmed.

Petitioner contends that two New York State appellate division cases establish that the trial court's reasonable doubt instruction was erroneous. *See Branch,* 637 N.Y.S.2d at 892; *Moore,* 629 N.Y.S.2d at 342. Both *Branch* and *Moore* concluded that a reasonable doubt instruction containing the term "substantial doubt" violated due process. *Branch,* 637 N.Y.S.2d at 892; *Moore,* 629 N.Y.S.2d at 342. However, following the Supreme Court's decision in *Victor,* New York courts disavowed the holdings in *Moore* and *Branch.* *See People v. Paris,* 229 A.D.2d 926, 646 N.Y.S.2d 737 (1996).

For all the foregoing reasons, petitioner fails the second prong of the *Strickland* test.

### C. Fair and Adequate Appellate Review

 In his second ground for relief, petitioner claims that the Appellate Division, Fourth Department denied his right to "fair and adequate appellate review" by denying his application for a writ of error *coram nobis* while granting relief to another applicant, Ronald Bodford, based on the same issue and a similar fact pattern. Bodford had the same trial judge as petitioner and also complained that his appellate counsel had been ineffective by failing to raise an objection to a jury instruction that stated "a reasonable doubt must be a substantial doubt." In his application for a writ of error *coram nobis,* Bodford sought to vacate an order by the Appellate Division which modified the judgement of the trial court. In his application, he quoted a letter in which Bodford's counsel appeared to admit that his assistance had been ineffective. The Appellate Division concluded that the issue "may have merit" and agreed to consider Bodford's appeal *de novo.*

Upon doing so, the court clearly rejected Bodford's assertion that the reasonable doubt instruction had deprived Bodford of due process and a fair trial. *See People v. Bodford,* 238 A.D.2d 928, 661 N.Y.S.2d 158 (4th Dep't 1997). Rather, Bodford's conviction was modified upon the court's conclusion that the "conviction of assault in the second degree is not based on legally sufficient evidence." *Id.* The Bodford case was modified based upon the evidence presented at trial, and not on the constitutionality of the jury instruction. Nothing in the record of the Appellate Division, Fourth Department suggests that petitioner was denied a fair and adequate appellate review.

Thus, petitioner's claim that the appellate court "grant[ed] relief to some people and den[ied] petitioner relief based upon the same set of facts and issue" is without merit.

### III. CONCLUSION

For the above reasons, the Court hereby DENIES petitioner's application for a writ of habeas corpus in its entirety and dismisses the petition. There being no question of substance for appellate review, the Court declines to issue a certificate of probable cause to appeal its decision:

**IT IS SO ORDERED.**