■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE R. WALKER, Appellant. [725 NYS2d 259] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for sentencing in accordance with the following Memorandum: On appeal from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [3]), criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [a]), criminal possession of a weapon in the second degree (Penal Law former § 265.03) and criminal possession of a weapon in the third degree (two counts) (Penal Law § 265.02 [3], [4]), defendant contends, *inter alia,* that the evidence with respect to assault in the first degree is legally insufficient to establish that the victim sustained a serious physical injury (*see,* Penal Law § 10.00 [10]). We agree. The injury sustained by the victim did not create a substantial risk of death or "cause * * * death or serious and protracted disfigurement, protracted impairment of health or protracted

loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see, People v Santos,* 161 AD2d 816, *lv denied* 76 NY2d 864; *People v Matos,* 107 AD2d 823; *cf., People v Rojas,* 61 NY2d 726; *see also, People v Bodford,* 238 AD2d 928, *lv denied* 90 NY2d 938). We therefore modify the judgment by reducing the conviction of assault in the first degree to assault in the third degree (Penal Law § 120.00 [2]) and vacating the sentence imposed thereon, and we remit the matter to Supreme Court for sentencing on assault in the third degree (*see,* CPL 470.20 [4]).

Because the conviction of assault in the first degree cannot stand, the conviction of criminal use of a firearm in the first degree, which requires commission of a class B violent felony offense while possessing a deadly weapon, also cannot stand (*see, People v Bass,* 277 AD2d 488, 496; *People v Ellis,* 162 AD2d 611, *lv denied* 76 NY2d 985; *cf., Matter of Shaun C.,* 169 AD2d 406, 408). We therefore further modify the judgment by reversing the conviction of criminal use of a firearm in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Green, Kehoe, Burns and Lawton, JJ.