■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. CASTRECHINO, Appellant. [808 NYS2d 858]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered February 21, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, intimidating a victim or witness in the third degree, criminal mischief in the fourth degree and tampering with a witness in the fourth degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), intimidating a victim or witness in the third degree (§ 215.15 [1]), criminal mischief in the fourth degree (§ 145.00 [1]) and four counts of tampering with a witness in the fourth degree (§ 215.10). We reject the contention of defendant that County Court's alibi charge impermissibly shifted the burden of proof to him (*cf. People v Jackson*, 167 AD2d 893 [1990]). ''While the challenged portion of the court's alibi charge, to which there was no objection, was similar to that found improper in *Jackson*, it was immediately followed by five warnings that the People had the entire burden of disproving

the alibi beyond a reasonable doubt. Thus, the charge, as a whole, was proper" (*People v Smythe*, 210 AD2d 949, 950 [1994], *lv denied* 85 NY2d 943 [1995]; *cf. People v Branch*, 224 AD2d 926 [1996], *lv denied* 87 NY2d 1017 [1996]). We reject the further contention of defendant that the court erred in denying his challenge for cause to a prospective juror. Although that prospective juror initially expressed views casting doubt on her impartiality, she ultimately stated unequivocally that she could be fair and impartial (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Garrido-Valdez*, 299 AD2d 858 [2002], *lv denied* 99 NY2d 614 [2003]).

Defendant failed to preserve for our review his contention that the discrepancy between the date set forth in the indictment with respect to count 16 and the proof at trial rendered the proof legally insufficient to support his conviction of that count (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Madison*, 8 AD3d 956, 957 [2004], *lv denied* 3 NY3d 709 [2004]). Defendant also failed to preserve for our review his related contention that such discrepancy deprived him of fair notice of the charge (*see generally People v Curtis*, 186 AD2d 994 [1992]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject the contention of defendant that cumulative trial errors deprived him of a fair trial. Present—Green, J.P., Scudder, Kehoe and Martoche, JJ.