■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENZO A. RAO, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered July 29, 1982, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to two indeterminate concurrent terms of imprisonment, with a minimum of three years and a maximum of six years. The appeal brings up for review the denial, after a hearing (Rohl, J.), of defendant's motion to suppress a weapon.

Judgment affirmed.

The Trial Judge did not abuse his discretion when he denied the defense motion, brought pursuant to CPL 270.50, to have the jury view the area where the detectives observed defendant with a handgun. The cumulative impact of a number of changes affecting the visibility of that area at night, which occurred between the time of defendant's arrest in late November, 1981 and the time of the trial in late June, 1982, including alterations in the natural light and the artificial illumination from street lamps and storefronts, as well as the appearance of foliage on the trees, was sufficiently substantial so as to preclude such a viewing from assisting the jury in performing its fact-finding function (see *People v McCurdy,* 86 AD2d 493; *People v White,* 67 AD2d 571, revd on other grounds 53 NY2d 721). The four photographs of the area, taken during the daytime approximately four months after defendant's arrest, were properly admitted into evidence after the Trial Judge admonished the jury that they were to use these photographs only to illustrate the general layout of the intersection, but not to recreate the actual visibility or appearance of the area on the night in question.

The observations made by one of the detectives at the scene, through a pair of binoculars, that the object the defendant transferred from his coat pocket to his waistband had the color and shape of a handgun, provided both probable cause for his arrest and sufficient evidence to establish his guilt beyond a reasonable doubt.

The prison sentence defendant received does not constitute an abuse of discretion, in view of the fact that this is his second felony offense. Nor do we see any reason to substitute our discretion as to the appropriate sentence for that of the sentencing Judge (see *People v Suitte,* 90 AD2d 80).

We have considered the remaining contentions of the defendant and find that they lack merit. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.