■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD RANDOLPH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated January 6, 1982, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a gun.

Ordered that the judgment is affirmed.

A police officer, upon an anonymous tip that the defendant had a gun, frisked him but found no weapon. Thereafter, another unidentified person told the officer that the defendant had placed the gun in a sidewalk planter on a public street, and the officer recovered the gun, unloaded it, and placed it back in the planter. Thereafter, the officer saw the defendant return, look around, and remove an object from the planter. The officer then attempted to place the defendant under arrest. The defendant fled and upon his apprehension, the same gun was found three feet away.

The gun, having been found in the planter and thereafter on the street near the defendant, was not "obtained by means of an unlawful search and seizure under circumstances precluding admissibility" (CPL 710.20 [1]). The officer had cause to arrest the defendant based on his own observations that made it probable that the object the defendant removed from the planter was a gun (*Brinegar v United States,* 338 US 160, 175-176, *reh denied* 338 US 839; *People v Chapman,* 103 AD2d 494, 496; *see also, People v Rao,* 107 AD2d 720).

The defendant's other contention that it was error to limit his right to cross-examine a witness at the hearing is rejected. The areas the defendant sought inquiry into were not relevant to the issues of this hearing *(see, People v Blackwell,* 128 Misc 2d 599). Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.