■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ZOCCHI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered September 3, 1985, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was reasonable in this case for the trial court to conclude that inspecting the scene of the crime would be unlikely to help the jury in deciding any material issue of fact. Accordingly, it was a proper exercise of the court's discretion to deny the defendant's request to permit the jury to view the scene (see, CPL 270.50 [1]; People v Hamilton, 112 AD2d 951; People v Rao, 107 AD2d 720; People v McCurdy, 86 AD2d 493, 496).

The court extensively charged the jury on how to evaluate the identification testimony and instructed the jury that identification must be proven beyond a reasonable doubt. This clearly satisfied all legal requirements for an identification charge (see, People v Whalen, 59 NY2d 273, 279), and the failure to specifically instruct the jury that voice identification is inherently weaker than corporeal identification did not constitute error.

Although it was error to charge sexual abuse in the first

degree as a lesser included offense of rape in the first degree *(see, People v Wheeler,* 67 NY2d 960, 962), the defendant waived any objection to this error by affirmatively requesting the submission of the former offense to the jury (CPL 300.50 [1]; *People v Shaffer,* 66 NY2d 663, 665; *People v Ford,* 62 NY2d 275, 282-283; *People v Weissinger,* 104 AD2d 917, 918).

The court's *Allen* charge was brief and noncoercive. The court's remarks encouraging the jury to make a further effort to reach a verdict were properly balanced by statements telling them not to abandon their "conscientious convictions", and were in all respects appropriate under the circumstances *(see, People v Pagan,* 45 NY2d 725, 727; *People v Eley,* 121 AD2d 462, *lv denied* 68 NY2d 769; *People v Lee,* 118 AD2d 593, 594, *lv denied* 67 NY2d 945).

We have reviewed the defendant's other contentions, including those set forth in his *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.