◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER OGLESBY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County

(Golia, J.), both rendered June 25, 1987, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree under indictment No. 5281/86, upon his plea of guilty, and criminal possession of a weapon in the third degree under indictment No. 5878/86, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

During a routine automobile patrol, a police officer observed the defendant pull a gun from his waistband. As the marked police van approached him, the defendant fled into a nearby alleyway. Within seconds, the defendant was apprehended and the same police officer, who had observed the defendant making a throwing motion, immediately searched the alleyway and recovered a revolver. The loaded revolver was found about two feet under a parked vehicle in the alleyway.

Contrary to the defendant's contention, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), the observations of the arresting police officer constituted legally sufficient evidence to support the defendant's guilt of criminal possession of a weapon in the third degree (see, People v Williams, 43 NY2d 725; People v Rao, 107 AD2d 720). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

In view of our determination, we do not reach the defendant's remaining contention regarding vacatur of his plea under indictment No. 5281/86 (cf., People v Clark, 45 NY2d 432). Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.