■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SCOTTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered August 14, 1989, convicting him of murder in the second degree, and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court should have *sua sponte* charged the jury on circumstantial evidence regarding the intentional murder count, since there was no direct evidence in support of that charge. Because the defendant failed to request such a charge and did not object to the charge as given on this ground, this claim is unpreserved for appellate review as a matter of law *(see, People v Thomas,* 50 NY2d 467; *People v Pertha,* 169 AD2d 844). We decline to exercise our interest of justice jurisdiction to review this claim in light of the overwhelming evidence of guilt.

The sentence imposed was not harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SHEPPHARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.) rendered September 8, 1986, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's plea of guilty constituted a waiver of the right to seek appellate review of the denial of his severance motion *(see, People v Taylor,* 65 NY2d 1, 5; *People v Flagg,* 155 AD2d 552). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.