■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. ALLEN, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People, we conclude that it was sufficient to provide a valid line of reasoning to sustain the jury's verdict (see, People v Bleakley, 69 NY2d 490, 495). Further, there is ample evidence in the record corroborating the accomplice's testimony by connecting defendant with the crimes charged, thus satisfying the requirement of CPL 60.22 (1) (see, People v Moses, 63 NY2d 299). We additionally agree with the suppression court that reasonable cause for the police to stop defendant's vehicle and arrest him was provided by the teletype alert received by the Georgia police. It indicated that there was a warrant for defendant's arrest for murder and armed robbery and gave a description of defendant, his female companion and their vehicle, along with the vehicle's license plate number (see, Whiteley v Warden, 401 US 560; People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v Jenkins, 47 NY2d 722, 724). Further, the officers were entitled to seize the weapon that they observed in plain view under defendant's

seat upon his exiting the vehicle *(see, People v Jackson,* 41 NY2d 146, 149-150) and to search the entire vehicle incident to defendant's arrest *(see, People v Ellis,* 62 NY2d 393; *People v Orlando,* 56 NY2d 441, 446; *People v Pleban,* 108 AD2d 880, 881).

We reject defendant's contention that the trial court erred in failing to dismiss the indictment because of the People's failure to begin defendant's trial within 180 days of his invocation of the interstate agreement on detainers (CPL 580.20). Because defendant never advised the Georgia authorities of his invocation of the agreement's 180-day time limit *(see, Matter of Amiger v Long,* 101 AD2d 616, 617; *Matter of Hill v Jones,* 94 AD2d 904), and because the delay in the New York trial was due to competing law enforcement interests in the separate party States *(see, People v Vrlaku,* 73 NY2d 800), dismissal of the indictment was not warranted. Defendant's contentions that there were errors in the trial court's instructions to the jury have not been preserved for our review *(see,* CPL 470.05 [2]), and we decline to consider them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]).

With regard to defendant's remaining contentions, we find them to be without merit. (Appeal from Judgment of Seneca County Court, Falvey, J.—Murder, 2nd Degree.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.