■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ACOSTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 19, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that a portion of the charge in the nature of a predeliberation *Allen* instruction *(see, Allen v United States,* 164 US 492) was unduly coercive, resulting in a deprivation of his right to a fair trial *(see, People v Ali,* 47 NY2d 920). However, since the defendant failed to object to the charge as given on this ground, his claim is unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Scotto,* 177 AD2d 668). In any event, the court's predeliberation instruction did not deprive the defendant of a fair trial. The court stressed the importance of rendering a verdict which was founded on each individual juror's rational and independent assessment of the evidence and effectively conveyed the message that the emphasis throughout the proceeding should be on reason rather than emotion *(see, People v McGee,* 76 NY2d 764; *People v Crawford,* 158 AD2d 706; *People v Innocent,* 150 AD2d 608, 609).

The defendant failed to preserve for appellate review his claim that the court erroneously defined reasonable doubt in its charge to the jury *(see,* CPL 470.05 [2]; *People v Thomas, supra; People v Scotto, supra).* In any event, we find that the court's charge, when read as a whole, properly conveyed to the jury that a reasonable doubt is to be distinguished from a doubt based on a whim, sympathy, or some other vague reason *(see, People v Jones,* 27 NY2d 222, 227; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Phelps,* 168 AD2d 693; *People v Kuey,* 155 AD2d 481).

We find that the sentence imposed was not excessive *(People v Suitte,* 90 AD2d 80). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.