■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN DIAZ, Appellant. [595 NYS2d 218] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 31, 1991, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Each of the defendant's claims is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Autry,* 75 NY2d 836, 839). In any event, contrary to the defendant's contentions, the trial court's jury instructions did not deprive him of a fair trial. Although the court elaborated on the statutory language of CPL 300.10 (2), the charge was neutral in tone, consistent in substance with the intent of the statute, and not so extensive as to prejudically draw the jury's attention to the defendant's failure to testify *(see, People v Gonzalez,* 167 AD2d 556; *People v Ogle,* 142 AD2d 608; *People v Morris,* 129 AD2d 591). Further, during jury instruction, the Trial Judge did not show any bias against the defendant or otherwise indicate that he had any opinion as to the merits of the case, and his conduct did not prevent the jury from arriving at an impartial verdict on the merits *(see, People v De Jesus,* 42 NY2d 519, 524; *People v Ward,* 180 AD2d 702).

Moreover, the defendant was not deprived of a fair trial due to the trial court's failure to instruct the jury not to consider matters relating to sentence and punishment. The trial court complied with the spirit of CPL 300.10 (2) by instructing the jury that they were not to consider anything outside the evidence which might influence their verdict *(see, People v*

*Simington,* 138 AD2d 757, 758; *People v Perez,* 118 AD2d 666). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.