(July 2, 1993)

(July 6, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARTIN, Appellant. [600 NYS2d 220] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered January 16, 1987, after a jury trial convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, and judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered January 22, 1988, upon defendant's plea of guilty, convicting him of robbery in the second degree, and sentencing him, as a violent predicate felony offender, to a term of 4 to 8 years, both sentences to run concurrently, unanimously affirmed.

Defendant was the driver of the getaway car for a supermarket armed robbery perpetrated by his brother and a friend. They were immediately apprehended. Defendant made inculpatory statements. Evidence established that defendant had been a security guard at this store and at other stores in the supermarket chain, and that defendant was implicated in four other supermarket robberies in the few weeks prior to the robbery for which he was arrested. The perpetrators initially pleaded guilty, and during the factual allocutions at the plea proceedings, each admitted to the participation of the others in several of the robberies. The court below permitted defendant to withdraw his plea, and dismissed certain counts on the People's motion, when certain witnesses, who were store employees, recanted their grand jury identifications of defendant, and the People concluded that they could not rely on these witnesses to establish a prima facie case as to those counts.

We reject defendant's contention that these recantations rendered the original grand jury testimony perjurious, and impaired these proceedings. Nor was the court's dismissal of such other counts the equivalent of an acquittal on the merits for all purposes. As such, one of the perpetrators, testifying for defendant that he had never met defendant prior to the day of the last robbery, was permissibly impeached by his allocution, as a prior inconsistent statement, in which he admitted having carried out a prior robbery with the defendant. The fact that the charges related to this robbery had been dismissed against defendant on the People's motion, rather than by a judicial finding, on the basis of recanted testimony, would not have prohibited the use of this testimony merely because it referred to prior, albeit uncharged criminal conduct (see, People v Rahming, 26 NY2d 411, 419).

We reject defendant's speculation that other witnesses might have offered perjured grand jury testimony, or that the recanted testimony could have affected the grand jury's determination as to the robbery charges of which he was convicted.

Defendant's remaining claims are either unpreserved, or without merit. Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.