■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. SANTIAGO, Appellant. [602 NYS2d 732] —Crew III, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered November 26, 1990, upon a verdict convicting defendant of the crimes of arson in the third degree and criminal possession of a weapon in the fourth degree.

On this appeal defendant contends, inter alia, that County Court erred in denying his motion to allow the jury to observe the scene where the arson was committed. At trial, the complainants testified that at approximately 3:00 A.M. they saw defendant standing next to their motor vehicle, at which time they observed a flash and the vehicle burst into flames. They then observed defendant running from the scene. While County Court was vested with the discretion to permit the jury to visit the scene (see, CPL 270.50 [1]), such a viewing was not warranted when identification was the issue and it would not have been possible to recreate the precise situation that existed on the morning of the arson (cf., People v Hamilton, 112 AD2d 951; People v Rao, 107 AD2d 720). While there was no evidence of any substantial change in the physical surroundings between the morning of the arson and the time of the trial, there were a number of variables, such as the

purported "flash" of defendant's cigarette lighter, the existence of the vehicle's interior lights and the fire itself, which would render reenactment of the scene virtually impossible *(see, People v Rao, supra)* and, consequently, we cannot say that County Court abused its discretion in denying defendant's motion.

Defendant's claim of ineffective assistance of trial counsel is equally without merit. A review of the record demonstrates that defendant received meaningful representation. Defense counsel engaged in strenuous cross-examination of the People's witnesses, argued appropriate motions, registered numerous objections, some successful, presented a viable identification defense and obtained an acquittal of the reckless endangerment count with which defendant was charged. Insofar as defendant contends that trial counsel failed to reasonably investigate the facts, question potential witnesses or plan trial strategy with him, those claims require additional factual development outside the present record and defendant's remedy was to move for relief pursuant to CPL 440.10 *(see, People v Salgado,* 140 AD2d 855, 856, *lv denied* 72 NY2d 924).

Finally, we find defendant's sentence neither harsh nor excessive. Defendant's sentence to an indeterminate term of imprisonment of 6 to 12 years for the crime of arson in the third degree was within the statutory guidelines and was less than the harshest punishment allowed *(see,* Penal Law § 70.06 [3] [c]; [4] [b]). Given the seriousness of the crime for which defendant was sentenced, his seemingly uncontrollable temper and prior record, County Court was well within its discretion in imposing the sentence that it did. We have considered defendant's remaining arguments and find them to be without merit.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.