(July 14, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. MARTIN, Appellant. [614 NYS2d 467] —Weiss, J. Appeal from a judgment of the County Court of Warren County (Moynihan, J.), rendered May 6, 1992, upon a verdict convicting defendant of the crime of escape in the second degree.

Following proceedings in the Lake George Town Court during the evening of July 25, 1991 on an unrelated charge of burglary in the second degree, defendant fled from the custody of the Warren County Sheriff's Deputies while they were transporting prisoners back to the County Jail. Defendant was apprehended, charged with escape in the second degree and convicted after trial. This appeal ensued.

Defendant contends that he was improperly deprived of his right to be present at his *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371; *see also, People v Dokes,* 79 NY2d 656). Pursuant to an order made upon stipulation of counsel, the prosecutor served a notice of intent listing eight prior convictions and one bad act of defendant and indicating that they would be used to cross-examine him if he elected to testify. Defendant served a formal response to each question stating his specific objections to several of the items and indicating no objections to others. Defendant argues that the Trial Judge, prosecutor and his counsel conferred in chambers, out of his presence, in lieu of a formal *Sandoval* hearing, and that rulings were made on his objections. He contends that this procedure violated his right to be present at every

material stage of the trial and warrants reversal of the conviction.*

While County Court addressed each of defendant's specific written objections to the nine questions proposed by the prosecutor, and resolved several in defendant's favor, we cannot say, as a matter of law, that there was no potential for additional meaningful input by defendant to the remaining objections (see, People v Favor, 82 NY2d 254, 268, supra). For example, in one objection defendant stated that a drug-related conviction should not be used because it did not directly relate to his credibility. Generally, convictions relate to credibility of an individual who may be shown as willing to place his personal interests above those of society. However, here defendant had no opportunity to provide the details of the underlying facts or to supply input which may have mitigated against the use of that particular conviction. Nor was he afforded any opportunity to provide information to support any of the other objections which County Court had denied. It cannot be said that a basis exists to hold that defendant's presence at the "hearing" would have been superfluous (see, People v Favor, supra). Since the outcome of the proceeding was not wholly favorable, the possibility that he might have made a meaningful contribution to the deliberations cannot be negated (see, supra). Accordingly, the judgment must be reversed and a new trial ordered.

Inasmuch as a new trial is required, we address defendant's contention concerning the charge on reasonable doubt given to the jury. The words challenged by defendant are that "[a] doubt of the Defendant's guilt to be a reasonable doubt must be a doubt for which some reason can be given". Standing alone, the words create no impression that a juror is obliged to articulate the reason, and the charge as delivered neither shifted the burden of proof to defendant nor suggested to the jury that they were required to give reasons for their doubts (see, People v Daniels, 204 AD2d 865; People v Jackson, 155 AD2d 329, affd 76 NY2d 908; see also, People v Antommarchi, 80 NY2d 247, 253). The charge was totally appropriate.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.

---

* Since this trial predated People v Dokes (79 NY2d 656, supra) and People v Favor (82 NY2d 254), the review in this case seeks retroactive application of the rule requiring his presence at the Sandoval hearing.