■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE R. HILL, Appellant. [629 NYS2d 544] —Spain, J. Appeal from a judgment of the County Court of Warren County (Moynihan, J.), rendered November 17, 1993, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the third degree.

Defendant, as the result of an incident on September 3, 1992 at a supermarket located in the City of Glens Falls, Warren County, was indicted on single counts of robbery in the second degree, grand larceny in the third degree and criminal use of a firearm in the second degree. Defendant thereafter moved to dismiss the indictment for failure to prosecute and challenged the jury panel on the ground that it did not contain any individuals who, like defendant, were of African-American descent (*see*, CPL 270.10); both of these motions were denied. Defendant was subsequently convicted of robbery in the second degree and grand larceny in the third degree and sentenced as a second felony offender to prison terms of 5 to 10 years on the robbery conviction and 3 to 6 years on the grand larceny conviction, each sentence to run concurrently. Defendant appeals.

Defendant's first contention is that County Court erred in denying defendant's challenge to the jury panel without a hearing. The record reflects however, that after an initial oral motion pursuant to CPL 270.10, defendant's counsel offered a handwritten challenge containing nonspecific, conclusory language. County Court correctly determined that the challenge lacked sufficient factual allegations to warrant a hearing (*see*, *People v Mitchell*, 156 AD2d 767, 770, *lv denied* 75 NY2d 922; *People v Bessard*, 148 AD2d 49, 51, *lv denied* 74 NY2d 845).

Defendant also contends that County Court's *Sandoval* rulings constituted reversible error. We find no abuse of County Court's discretion (*see*, *People v Malcolm*, 204 AD2d 660, 661, *lv denied* 84 NY2d 1034); County Court appropriately adopted a reasonable " '*Sandoval* compromise' " (*People v Baird*, 167 AD2d 693, 694, *lv denied* 77 NY2d 903). Defendant further contends that the evidence adduced at trial was legally insufficient to support his conviction of grand larceny in the third degree because the People failed to demonstrate that defendant absconded with property worth more than $3,000. Defendant's argument is without merit. The record contains sufficient proof that property worth more than $3,000, as verified by the supermarket's head bookkeeper, was taken by defendant (*see*, Penal Law § 155.20 [1], [2] [b], [c]).

Defendant's next contention, that County Court's instruction on the concept of reasonable doubt was flawed, is unavailing. Defendant failed to preserve this issue for appellate review; however, upon a review of the record we conclude that County Court's charge did not suggest to the jurors that they were required to give reasons for their doubts. Hence, the charge

given did not shift the burden of proof to defendant (*see, People v Martin*, 206 AD2d 591, 592; *People v Daniels*, 204 AD2d 865).

Finally, defendant's contention that County Court abused its discretion in denying defendant's request for the jury to view the crime scene is also found to be without merit. The record does not reflect that there was anything "particularly uncommon or unique about the scene of the crime" (*People v Kaufman*, 156 AD2d 718, 719, *lv denied* 76 NY2d 737; *see, People v Santiago*, 197 AD2d 756, *lv denied* 83 NY2d 876).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed.