*1000
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 After a jury trial, defendant was convicted of one count of criminal trespass in the second degree and one count of burglary in the second degree. On the appeal to the Appellate Division, defendant contended that part of the trial court’s instruction to the jury on reasonable doubt diluted the standard of proof by referencing that standard to decisions jurors might be called upon to make in their personal lives. The Appellate Division affirmed in a plurality decision with two dissenting votes. We now affirm on the appeal to our Court, here by leave of the Presiding Justice at the Appellate Division.
 

 The preferred phrasing to convey the concept and degree of reasonable doubt is illustrated in the Pattern Criminal Jury Instructions: "The doubt, to be a reasonable doubt, should be one which a reasonable person acting in a matter of this, importance would be likely to entertain because of the evidence or because of the lack or insufficiency of the evidence in the case” (CJI 6:20, at 249). The comparative characterization used in the instruction by the trial court in this case was less definitive and potentially more troublesome than the preferred language and such variations should be avoided. As ultimately noted by the plurality memorandum, however, and as emphasized by Justice Mazzarelli in her concurring opinion at the Appellate Division, the objected-to portion of the instruction did not dilute the standard of required proof here nor did it deprive this defendant of a fair trial in the context of the entire balanced and correct set of instructions given.
 

 Appellant’s other arguments have been considered, and we conclude that, to the extent they are even preserved for our review, they are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.