■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BERGER, Appellant. [653 NYS2d 461] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied a fair trial by the jury charge. Supreme Court properly marshalled the evidence (*see, People v Saunders,* 64 NY2d 665, 667). The court's instruction on reasonable doubt was proper in all respects (*see, People v Cubino,* 88 NY2d 998). The portions of the charge relating to the credibility of witnesses, the corroboration of accomplice testimony, the meaning of the indictment and the destruction of certain evidence by the police were also proper.

Defendant also contends that certain evidentiary rulings deprived him of his right to a fair trial and his right to present a complete defense and to confront witnesses. We disagree. The court did not abuse its discretion by precluding a defense ballistics expert from testifying because, contrary to the court's pretrial instructions, the report provided by the defense failed to set forth a synopsis of the expert's proposed testimony (*see,* CPL 240.30 [1] [a]; *Matter of Mulvaney v Dubin,* 55 NY2d 668).

The court properly exercised its discretion in denying defendant's request that the jury be allowed to visit the scene

of the crime. Nearly 10 years had passed since the homicide and the scene would likely have changed to the extent that viewing it would not help the jury decide a material fact (*see, People v Zocchi,* 133 AD2d 478; *People v Rao,* 107 AD2d 720). The court properly allowed the testimony of a witness regarding a statement made by codefendant, who was separately tried, pursuant to the coconspirator exception to the hearsay rule (*see, People v Salko,* 47 NY2d 230, 237, *mot to amend remittitur granted and rearg denied* 47 NY2d 1010, 1012). The court also properly refused to admit into evidence photocopies of two receipts from a truck stop. The receipts did not indicate that they were for the purchase of clothing and were not signed by defendant or his cohort. The court properly excluded as irrelevant the testimony of a former Assistant District Attorney to the effect that defendant had been working with authorities on a large stolen car operation.

Defendant's right to free exercise of religion was not abridged when the court denied defendant's last minute request for an additional adjournment of trial until after a certain Jewish holiday. Pursuant to a previous request, the court had arranged the trial schedule to avoid interfering with other Jewish holidays, and the court's compromise was "the least restrictive means of achieving [the] compelling state interest" of proceeding with the retrial (*Thomas v Review Bd., Ind. Empl. Sec. Div.,* 450 US 707, 718).

Defendant was not denied a fair trial by the admission of evidence of his involvement in insurance fraud schemes and the court's instruction regarding that evidence. The evidence was properly admitted to demonstrate defendant's motive to kill the victim (*see, People v Quezada,* 218 AD2d 819, 820, *lv denied* 87 NY2d 906) and the limiting instruction was proper. He also was not denied a fair trial by courtroom security measures or by the inadvertent mention by a prosecution witness that it was a retrial. The court instructed the jury not to speculate about "why the case is being tried now or whether the Defendant is in custody and what the purpose of that is or the circumstance is".

Finally, the proof is legally sufficient and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.