■ The People of the State of New York, Respondent, v Eddie Gomez, Also Known as Eddie Gomes, Appellant. [702 NYS2d 820] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered August 4, 1994, convicting defendant, after a jury trial, of burglary in the first degree (two counts) and attempted robbery in the first degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, 12½ to 25 years, 7½ to 15 years, and 7½ to 15 years, respectively, and judgment, same court and Justice, rendered September 28, 1995, convicting defendant, upon his plea of guilty, of robbery in the first degree (two counts), burglary in the first degree (two counts), burglary in the second degree, robbery in the second degree, grand larceny in the third degree, and criminal use of a firearm in first degree, and sentencing him, as a second felony offender, to five terms of 6 to 12 years, two terms of 4 to 8 years, and a term of 2 to 4 years, all sentences to be served concurrently with each other and with the aforementioned sentences, unanimously affirmed.

Read as a whole, the charge conveyed the proper standards as to each of the subjects in question and the challenged portions of the charge did not deprive defendant of a fair trial (*see, People v Cubino*, 88 NY2d 998; *People v Fields*, 87 NY2d 821).

By failing to request any further relief after objections were sustained, defendant failed to preserve his current challenges to the prosecutor's cross-examination of defendant and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's actions were sufficient to prevent any prejudice.

The court's prompt action was sufficient to prevent any prejudice resulting from the prosecutor's brief and isolated summation comment implying criminal propensity. The remainder of the challenged portions of the summation were fair comment on the evidence and proper responses to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.