[750 NYS2d 700]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. ALLEN, Also Known as KWA-TAE LONE WOLF, Appellant.

Fourth Department, November 15, 2002

**APPEARANCES OF COUNSEL**

*Linda M. Campbell*, Syracuse, for appellant.

*Kwa-Tae Lone Wolf*, appellant pro se.

*Richard E. Swinehart, District Attorney*, Waterloo (*John A. Cirando* of counsel), for respondent.

LAWTON, J.

This is the second time that we have been asked to determine the merits of this appeal. The first time that this appeal was before us (*People v Allen*, 178 AD2d 994, *lv denied* 79 NY2d 1046), we unanimously affirmed the judgment convicting defendant following a jury trial of two counts each of murder in the second degree (Penal Law § 125.25 [1], [3]) and robbery in the first degree (§ 160.15 [1], [2]) and one count each of criminal use of a firearm in the first degree (former § 265.09 [1]) and criminal possession of a weapon in second degree (former § 265.03).

Subsequently, defendant moved pro se for a writ of error coram nobis, contending that he was denied effective assistance of appellate counsel "because counsel failed to raise an issue on direct appeal that would have resulted in reversal, specifically, whether trial counsel was ineffective for not challenging the trial court's failure to properly instruct the jury on the nature of reasonable doubt" (*People v Allen*, 273 AD2d 945, 945). In granting defendant's motion, we vacated our prior order and agreed to consider the appeal de novo (*id.*).

Defendant now contends that County Court erred in failing to instruct the jury on the fundamental constitutional principles of proof beyond a reasonable doubt. Because the remaining contentions contained in defense counsel's main brief and defendant's pro se supplemental brief lack merit, we limit our discussion to the issue whether the United States or New York Constitution requires a jury instruction that specifically defines the reasonable doubt standard.

During its charge to the jury, the court instructed the jury that the "presumption of innocence * * * remains with the Defendant until it is overcome by proof of guilt beyond a reasonable doubt" and distinguished between direct and circumstantial evidence. As part of its instruction on circumstantial evidence, the court stated that "the hypothesis of guilt must flow naturally from the facts proved and be consistent with them and the facts proved must exclude every reasonable hypothesis of innocence," adding that "[t]he application of the tests [on the quality of the evidence] becomes a question of whether common human experience would lead reasonable persons to reject or accept the inference." Additionally, in explaining each of the counts in the indictment, the court repeatedly instructed the jury that, in order for the jury to find defendant guilty of each crime charged therein, the People

were required to prove beyond a reasonable doubt all the elements of each crime. Furthermore, the court stated:

"In reaching your verdict, you are not to be affected by sympathy, bias, prejudice, fear, the effects or rewards or the hope thereof. You are not to be affected by what the reaction of the parties or public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or indeed any consideration outside the case that has been presented to you in this courtroom."

It is a fundamental constitutional principle that the People have the burden of establishing beyond a reasonable doubt each and every element of the crimes charged. Nevertheless, that burden of proof is not easily explained (*see Victor v Nebraska*, 511 US 1, 5). " 'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury' " (*Holland v United States*, 348 US 121, 140 [*reh denied* 348 US 932], quoting *Miles v United States*, 103 US 304, 312).

Because here it is undisputed that the court did not specifically define the term "reasonable doubt," the issue before us is whether that failure violated defendant's constitutional rights under either the United States or New York Constitution. The federal courts have dealt with this issue more extensively than the courts of New York. Not all courts are in agreement, but the weight of authority is against defendant's position. Speaking directly to the federal constitutional issue, the United States Supreme Court in *Victor* (511 US at 5) stated that "[t]he beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." The First, Second, Fourth, Ninth and Tenth Circuits and the United States Court of Appeals for the District of Columbia have held that a reasonable doubt definition is not required (*see Gaines v Kelly*, 202 F3d 598, 605 ["a trial court may choose freely either to define reasonable doubt or to refrain from defining it[,] [b]ut if the trial court chooses to define it, then the instructions, 'taken as a whole * * * [must] correctly conve[y] the concept of reasonable doubt to the jury' "]; *LaFevers v Gibson*, 182 F3d 705, 716; *United States v Taylor*, 997 F2d 1551, 1557-1558; *United States v Adkins*, 937 F2d 947, 950; *United States v Nolasco*, 926 F2d 869, 872, *cert denied* 502 US 833; *United States v Littlefield*, 840 F2d 143, 146-147, *cert denied* 488 US 860; 1 Bergman and Hollander, Wharton's

Criminal Evidence § 2:4, at 31-32 n 24 [15th ed 1997]). Before *Victor* the Seventh Circuit held that " '[r]easonable doubt' must speak for itself," and a court is forbidden from defining reasonable doubt, even when asked to do so by the jury (*United States v Glass*, 846 F2d 386, 387).

As a federal constitutional matter, therefore, a reasonable doubt definition is not required (*see Victor*, 511 US at 5; *Gaines*, 202 F3d at 605; *see also* 34 NY Jur 2d, Criminal Law § 2453). Here, the court properly instructed the jury that the People had the burden of proof beyond a reasonable doubt. Because defendant argues only that the court failed to provide a specific definition of reasonable doubt, and does not argue that an improper or erroneous definition was given, defendant's federal constitutional rights were not violated.

Similarly, a number of state courts have held that a reasonable doubt definition is not required (*see e.g. Chase v State*, 645 So 2d 829, 850 [Miss] ["reasonable doubt defines itself and needs no further definition by the court"], *cert denied* 515 US 1123, *reh denied* 515 US 1179; *State v Johnson*, 315 SC 485, 487, 445 SE2d 637, 637 ["the phrase 'beyond a reasonable doubt' without an explanation of its legal significance is much more favorable to a defendant than when amplified by an explanation"]; *State v McMahon*, 158 Vt 640, 641, 603 A2d 1128, 1128 [" '(d)efining "reasonable doubt" is a hazardous undertaking because it seems the more said about it to the jury, the less protection that concept provides the accused' "]; *People v Tokich*, 314 Ill App 3d 1070, 1075, 734 NE2d 117, 122 ["The law in Illinois on this subject is clear. Neither the trial court nor counsel should define reasonable doubt for the jury"], *lv denied* 191 Ill 2d 556, 738 NE2d 934, *cert denied* 531 US 1174).

Defendant's rights under the New York Constitution and CPL 300.10 are not so clearly defined as they are with respect to the federal constitutional issue. No New York case has ruled on the specific issue whether a trial court must define reasonable doubt in its jury charge. However, there are many cases addressing the adequacy of the definitions in various reasonable doubt instructions (*see e.g. People v Cubino,* 88 NY2d 998, 1000; *People v Mosley*, 67 NY2d 985, 987; *People v Berger*, 234 AD2d 980, 980, *lv denied* 89 NY2d 983; *People v Towndrow*, 187 AD2d 194, *lv dismissed* 81 NY2d 1021; *People v Garcia*, 179 AD2d 1047).

CPL 300.10 (2) provides in relevant part that, "[i]n its charge, the court must state the fundamental legal principles applica-

ble to criminal cases in general. Such principles include, but are not limited to, the presumption of the defendant's innocence, [and] the requirement that guilt be proved beyond a reasonable doubt." More specifically, the Court of Appeals has written that, "[n]ecessarily, trial courts must use general terms to explain to the jury the important yet subtle difference between a reasonable doubt and one which is based on conjecture or caprice" (*People v Antommarchi*, 80 NY2d 247, 251, *rearg denied* 81 NY2d 759). Before *Antommarchi*, the Court stated that "[reasonable doubt] must be described in general terms that will convey simply to the jury 'the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason'" (*People v Malloy*, 55 NY2d 296, 303, *cert denied* 459 US 847). As the Court of Appeals has explained, "the distinction is critical, for the essence of the jury system is the deliberate process by which a number of intellects are brought to bear on assessing and evaluating the evidence presented at trial to arrive at a just verdict" (*Antommarchi*, 80 NY2d at 251-252).

"It is equally important to recognize that 'the definition of reasonable doubt is an area of instruction in which amplification often leads to error'" (*People v Redd*, 266 AD2d 12, 14 [Saxe, J., concurring] [*lv denied* 94 NY2d 866], quoting *Malloy*, 55 NY2d at 303). This Court has repeatedly acknowledged "the recurring problems that arise in instructing a jury on reasonable doubt" (*People v Gangler*, 227 AD2d 946, 948, *lv denied* 88 NY2d 985, 89 NY2d 922) and has, in many cases, disapproved of language defining the reasonable doubt standard (*see e.g. People v Young*, 236 AD2d 800 [instructions using the phrase "'morally and reasonably' certain" constituted reversible error], *lv denied* 89 NY2d 1017; *People v Paris,* 229 AD2d 926, 927 ["substantial doubt" language, though problematic, was not reversible error], *lv denied* 88 NY2d 1070; *People v Moore*, 216 AD2d 902, 903 ["substantial doubt" language was reversible error], *lv denied* 87 NY2d 905). "[I]n order to prevent problems that arise in instructing juries on reasonable doubt," New York courts have advised trial judges to adhere to the reasonable doubt charge set forth in 1 CJI(NY) 6.20 (*People v Romanelli*, 239 AD2d 940, 941, *lv denied* 90 NY2d 910; *see Redd*, 266 AD2d at 12).

The precedent in New York appears to be limited to those cases in which the definition of reasonable doubt given by the trial judge was alleged to be erroneous and not, as defendant argues herein, in which no specific definition of reasonable

doubt was given. The New York constitutional and statutory requirements of the reasonable doubt instruction are satisfied when "the court's charge, * * * read as a whole, * * * convey[s] to the jury that a reasonable doubt is to be distinguished from a doubt based on a whim, sympathy, or some other vague reason" (*People v Acosta*, 182 AD2d 768, 768, *lv denied* 80 NY2d 827; *see also People v Horace,* 277 AD2d 957, 957-958, *lv denied* 96 NY2d 784; *People v Sowers*, 259 AD2d 841, 842, *lv denied* 93 NY2d 1027; *Paris,* 229 AD2d at 926-927; *People v Hill*, 154 AD2d 887, *lv denied* 75 NY2d 813). Thus, we conclude that New York courts must convey to the jury the requisite standard of proof beyond a reasonable doubt, but not necessarily with a specific definition.

Here, the court's charge, read as a whole, conveyed the important distinction that New York law requires, namely, that a reasonable doubt is different from a doubt "based on a whim, sympathy, or some other vague reason" (*Acosta,* 182 AD2d 768; *see Malloy,* 55 NY2d at 303). Bearing in mind that "amplification [of the concept of reasonable doubt] often leads to error" (*Malloy,* 55 NY2d at 303) and that "[n]o particular wording is mandated when explaining this concept" (*People v Matthews*, 221 AD2d 802, 803, *lv denied* 88 NY2d 850), we conclude that the court's charge adequately conveyed the requisite standard of proof to the jury. Accordingly, the judgment of conviction should be affirmed.

GREEN, J.P., WISNER, SCUDDER and BURNS, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.