■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BAILEY, Appellant. [759 NYS2d 479] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered April 26, 2001, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him to concurrent terms of eight years, unanimously affirmed.

Since defendant made arguments at trial that are completely different from those raised on appeal, his present challenges to the prosecutor's impeachment of a defense witness are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find the impeachment to be proper in all respects.

Defendant called as a witness a person who had previously pleaded guilty to participating in the same taxicab robbery with which defendant was charged. The witness testified that he and defendant had been involved in an altercation with the cab driver, but had not robbed him. The prosecutor properly asked the witness whether he and defendant intended to sell drugs at the location to which they were purportedly going when they entered the cab. Since the driver had testified that defendant had given him two nonexistent addresses as a destination, this line of questioning was relevant to the issue of whether defendant and the witness actually had a destination, or whether they entered the cab for the purpose of committing a robbery. Once the witness answered that they were

---

going to the location to obtain drugs, the court properly exercised its discretion by allowing the prosecutor to impeach him with a prior inconsistent statement in which he said that they had been on their way to sell drugs (*see People v Duncan,* 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]; *see also People v Martin,* 195 AD2d 293, 294 [1993], *lv denied* 82 NY2d 807 [1993]). Defendant's remaining arguments concerning the impeachment of this witness are likewise unpreserved and unavailing.

Although the Criminal Jury Instructions contain the "preferred phrasing" for the court's charge on burden of proof and reasonable doubt, the court's charge, viewed as a whole, conveyed the appropriate principles (*see People v Cubino,* 88 NY2d 998, 1000 [1996]). The court unequivocally instructed the jury to acquit defendant if the People failed to prove every element beyond a reasonable doubt. Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.