■ The People of the State of New York, Respondent, v Patrick Smith, Appellant. [812 NYS2d 512]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered December 22, 2003, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 20 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and reducing the amounts of the mandatory surcharge and crime victim assistance fees from $200 and $10 to $150 and $5, respectively, and otherwise affirmed.

In challenging the sufficiency and weight of the evidence convicting him of intentional murder, defendant argues that in performing our legal and factual review, this Court should employ the standards applicable to a completely circumstantial case. However, this conviction was not based entirely on circumstantial evidence, and no such instruction was requested by defendant or delivered by the court. In any event, regardless of the standard of review, we conclude that the conviction at issue was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supported the conclusion that defendant shared his codefendant's homicidal intent (*see e.g. People v Allah*, 71 NY2d 830 [1988]).

The court properly exercised its discretion in denying defendant's motion to strike the testimony of a witness, based on the People's failure to disclose in advance that the witness had been a police informant on prior unrelated matters. The court provided a suitable remedy when it interrupted the witness's testimony and permitted defendant to question the witness outside the presence of the jury, and there is no evidence that defendant was prejudiced by the lack of advance notice. Similarly, defendant was not prejudiced by the People's short delay in disclosing the witness's criminal history (*see* CPL 240.45). As to each of these matters, defendant received a full opportunity to cross-examine the witness (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]). Defendant never requested time to conduct any investigations, and there is no indication that such investigations would have yielded anything useful.

We perceive no basis for reducing the sentence. As the People concede, since defendant committed the instant crime prior to the effective dates of amendments to Penal Law § 60.35 provid-

ing for the imposition of DNA databank fees, and increasing the mandatory surcharge and crime victim assistance fees, defendant's sentence is unlawful to the extent indicated. However, defendant has not established either a factual or legal basis for any further relief concerning the surcharge and fees. Concur—Buckley, P.J., Friedman, Nardelli, Sweeny and Malone, JJ.