■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESMERALDO ACOSTA, Appellant. [812 NYS2d 108]—

Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered October 17, 2001, convicting defendant, after a jury trial, of possession of a stolen motor vehicle in violation of Vehicle and Traffic Law § 426, criminal possession of stolen property in the fifth degree and auto stripping in the third degree, and sentencing him to an aggregate term of three months concurrent with five years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The police observed defendant and his companion carrying car doors and other parts from a gap in a fence in front of a wooded area, which was a short distance from the stripped, stolen car at issue, to a van later found to contain car doors that exactly matched the color of the stolen car (the only car of that color in the vicinity), as well as other parts that the stolen car was missing. Although the police never saw defendant in the stolen car, this evidence supported the conclusion that he exercised dominion and control (Penal Law § 10.00 [8]) over it (*see e.g. Matter of Carlos E.,* 262 AD2d 130 [1999]). Upon the approach of the police, and being ordered to halt, defendant's companion got into the van and drove off. When defendant was unsuccessful in his effort to enter the van before his companion fled, he ran into the wooded area and jumped into Eastchester Bay. He was apprehended, however, by a police boat some 50 minutes later. Suffice it to say, the jury was entitled to conclude from this evidence of flight that defendant was dripping with more than just water.

The court's reasonable doubt charge conveyed the proper standards (*see People v Cubino,* 88 NY2d 998, 1000 [1996]). The court made it clear to the jury that the People had the burden of proving every essential element beyond a reasonable doubt, and when it used phrases such as "to your satisfaction" and "if you are convinced," it did so in the context of the reasonable doubt standard. Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.