People v Figueroa (2019 NY Slip Op 02836)





People v Figueroa


2019 NY Slip Op 02836


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9006 5044/14

[*1]The People of the State of New York, Respondent,
v
Ames Figueroa, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered September 23, 2016, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 10 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the jury's determinations concerning identification and credibility. The victim made a prompt and reliable identification of defendant, who was wearing the same distinctive clothing that the victim had observed during the robbery. In addition, the evidence supported the inference that when defendant encountered the police, he discarded the victim's phone and earphones, which the police found nearby. The victim's credible testimony also established that defendant displayed what appeared to be a firearm.
The victim's statements during a 911 call did not qualify under the present sense impression exception to the hearsay rule (see People v Brown, 80 NY2d 729, 732-736 [1993]), which was the only theory under which they were offered and received. The 911 call was not substantially contemporaneous with the robbery, but was made after an intervening chain of events that permitted some time for reflection (see People v Vasquez, 88 NY2d 561, 578-579 [1996]). See generally Guide to NY Evidence rule 8.29 (Present Seuse Impression), http://www.nycourts.gov/judges/evidence/8-HEARSAY/8.29_PRESENT%20SENSE%20IMPRESSION.pdf). Nevertheless, the error in admitting the 911 call was harmless, in light of the overwhelming evidence of guilt, and because "prior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination" (People v Ludwig, 24 NY3d 221, 230 [2014]).
Defendant did not preserve his claim that the court should have excluded portions of the 911 call in which the victim's mother, who was not a witness, relayed information provided by her son, and we decline to review it in the interest of justice. As an alternative holding, we conclude that the mother's comments were inadmissible, but that there was no possibility of prejudice because the court's limiting instructions told the jury to disregard these parts of the call in that the mother was not a witness, as well as because of the overwhelming evidence already noted.
The court's charge on reasonable doubt does not warrant reversal. Although the Criminal Jury Instructions contain the "preferred phrasing," the court's charge, viewed as a whole, adequately conveyed the appropriate standard (People v Cubino, 88 NY2d 998, 1000 [1996]; see also People v Radcliffe, 232 NY 249, 254 [1921]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK