People v Colon (2019 NY Slip Op 04614)





People v Colon


2019 NY Slip Op 04614


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1405 KA 14-01085

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELOY COLON, ALSO KNOWN AS ELOY COLON TORRES, DEFENDANT-APPELLANT. 






DIANNE C. RUSSELL, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [3]), arising from anal sexual conduct perpetrated by defendant on the seven-year-old victim. The case was initiated in Supreme Court (Valentino, J.) and then transferred to County Court (Connell, J.) prior to trial.
Contrary to defendant's contention, Supreme Court properly refused to allow him access to various mental health and school records of the victim. Such records are confidential (see People v Tirado, 109 AD3d 688, 688 [4th Dept 2013], lv denied 22 NY3d 959 [2013], reconsideration denied 22 NY3d 1091 [2014], cert denied 574 US &mdash, 135 S Ct 183 [2014]; People v Boyea, 222 AD2d 937, 938 [3d Dept 1995], lv denied 88 NY2d 934 [1996]), and defendant failed to establish that the interests of justice significantly outweighed their confidentiality inasmuch as he failed to demonstrate that the records contained information relevant to defendant's guilt or innocence (see Tirado, 109 AD3d at 688-689; People v Bassett, 55 AD3d 1434, 1437 [4th Dept 2008], lv denied 11 NY3d 922 [2009]) or to the victim's ability to perceive and recall events (see People v Brown, 24 AD3d 884, 887 [3d Dept 2005], lv denied 6 NY3d 832 [2006]; cf. People v Baranek, 287 AD2d 74, 78-79 [2d Dept 2001]). Indeed, the record reflects that Supreme Court reviewed the requested records in camera and concluded that they contained no such information (see generally People v Kiah, 156 AD3d 1054, 1056-1057 [3d Dept 2017], lv denied 31 NY3d 984 [2018]). Contrary to defendant's related contention, County Court did not abuse its discretion in preventing defense counsel from asking prosecution witnesses about the victim's mental health diagnoses and medications inasmuch as there was no indication that those lines of inquiry were likely to produce material relevant to the trial, i.e., to the determination of defendant's guilt or innocence (see Tirado, 109 AD3d at 688-689; Brown, 24 AD3d at 887). For the same reason, we conclude that the court did not abuse its discretion in precluding testimony from defendant's expert psychologist (see generally People v Lee, 96 NY2d 157, 162 [2001]; People v Lemery, 107 AD3d 1593, 1594 [4th Dept 2013], lv denied 22 NY3d 956 [2013]).
The record on appeal belies defendant's contention that Supreme Court failed to conduct an in camera review of the victim's mental health records from two hospitals (see generally People v Green, 72 AD3d 1601, 1602 [4th Dept 2010]; People v Gholston, 130 AD2d 843, 844 [3d Dept 1987], lv denied 70 NY2d 799 [1987]). Additionally, in light of the lengthy and unexplained delay of defendant in pursuing this appeal, we reject defendant's contention that he is entitled to summary reversal of the judgment of conviction on the ground that those records [*2]were eventually purged and destroyed by County Court (see People v Delarosa, 282 AD2d 296, 296 [1st Dept 2001], lv denied 99 NY2d 557 [2002]; see also People v Carter, 91 AD3d 967, 967-968 [2d Dept 2012], lv denied 18 NY3d 992 [2012]; People v Quinones, 36 AD3d 459, 460 [1st Dept 2007], lv denied 8 NY3d 926 [2007]). In any event, defendant failed to make an "appropriate showing" that "alternative methods to provide an adequate record [were] not available" (People v Glass, 43 NY2d 283, 286 [1977]; see People v Yavru-Sakuk, 98 NY2d 56, 59 [2002]).
We reject defendant's contention that County Court's jury charge with respect to the concepts of reasonable doubt and proof beyond a reasonable doubt was erroneous and confusing. The court's charge, read as a whole, conveyed to the jury the proper standard that " a reasonable doubt is to be distinguished from a doubt based on a whim, sympathy, or some other vague reason' " (People v Allen, 301 AD2d 57, 62 [4th Dept 2002], lv denied 99 NY2d 625 [2003]). The fact that the court defined a reasonable doubt as a doubt for which one is "able to assign a reason" does not constitute error. The same concept, in fact, appears in the Criminal Jury Instructions (see CJI2d[NY] Presumption of Innocence, Burden of Proof, Proof Beyond a Reasonable Doubt; see also 1 CJI[NY] 6.20).
Contrary to defendant's further contention, the court's Allen charge as a whole was "encouraging rather than coercive" (People v Ford, 78 NY2d 878, 880 [1991]). The fact that the court referred to the possibility of another jury selection and a retrial in the event the jury could not reach a verdict did not render the Allen charge coercive. Those concepts appear at least twice in the standard deadlock charge in the Criminal Jury Instructions (see CJI2d[NY] Deadlock Charge).
Defendant additionally contends that the court erred in denying his motion seeking a mistrial or, alternatively, to strike the testimony of the victim on the ground that the prosecutor violated the court's directive not to speak to the victim during a break in testimony. That contention is without merit. The record establishes that there was no substantive violation of the court's directive, and thus we cannot conclude that the court erred in denying the motion (see People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]; see also People v Smith, 28 AD3d 204, 205 [1st Dept 2006], lv denied 7 NY3d 763 [2006]). Defendant's contention that he was deprived of a fair trial because the court failed to instruct the jury that it could not consider matters relating to sentence or punishment during the course of its deliberations is not preserved for our review (see CPL 470.05 [2]) and, in any event, is without merit (see People v Diaz, 191 AD2d 642, 642-643 [2d Dept 1993], lv denied 81 NY2d 1072 [1993]). We have examined defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court