People v Christie (2019 NY Slip Op 07738)





People v Christie


2019 NY Slip Op 07738


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10227 2187/16

[*1] The People of the State of New York, Respondent,
v
Paul Christie, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Dana B. Wolfe of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered December 21, 2016, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of five years, unanimously affirmed.
Defendant did not preserve his claim that, at certain places in its preliminary and final jury instructions, the court failed to state the correct standard for proof beyond a reasonable doubt, and we decline to review this claim in the interest of justice. As an alternative holding, we find no basis for reversal. The reasonable doubt instructions, viewed as a whole, conveyed the proper standards, and nothing in these instructions was constitutionally deficient (see e.g. People v Umali, 10 NY3d 417 [2008], cert denied 556 US 1110 [2009}; People v Cubino, 88 NY2d 998, 1000 [1996]; People v Fields, 87 NY2d 821 [1995]).
Defendant claims that his counsel rendered ineffective assistance by asking the court to defer a final ruling on the scope of impeachment and the admissibility of uncharged crimes evidence until after the court heard defendant's direct testimony. This claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, regarding counsel's strategic decision-making and consultations with his client, including what appears to be an in-court, off-the-record discussion between defendant and his counsel on the subject at issue (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Regardless of whether counsel should have obtained a more definitive ruling before defendant testified, defendant has not shown that he was prejudiced by the absence of such a ruling, where the court indicated in advance of defendant's testimony that an anticipated line of defense might open the door to evidence of prior drug dealing by defendant.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK